**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

No. 06-4907

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SCOTT A. LEWIS,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:05-cr-00255)

—————————

Submitted: February 12, 2007          Decided: March 6, 2007

—————————

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, R. Booth Goodwin II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott A. Lewis pled guilty to mailing, transporting, or shipping child pornography in interstate commerce by computer, in violation of 18 U.S.C. § 2252A(a)(1) (2000) and was sentenced to ninety-seven months in prison, to be followed by a supervised release term of life. Lewis now appeals his sentence. We affirm.

Lewis contends that his sentence--especially the supervised release term of life--is unreasonable. We review a sentence imposed after United States v. Booker, 543 U.S. 220 (2005), to determine whether the sentence is "within the statutorily prescribed range . . . and reasonable." United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006). "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the [18 U.S.C.A.] § 3553(a) [West 2000 & Supp. 2006] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir.) (internal quotation marks and citation omitted), petition for cert. filed, ___ U.S.L.W. ___ (U.S. July 21, 2006) (No. 06-5439).

Here, Lewis' ninety-seven-month prison term falls within the statutorily prescribed range of five to twenty years, see 18 U.S.C. § 2252A(b)(1) (2000), and within the properly calculated guideline range of 97-121 months. Further, his supervised release

term of life also is statutorily authorized, see 18 U.S.C. § 3583(k) (2000), and permissible under the guidelines, see U.S. Sentencing Guidelines Manual § 5D1.2(b), (c) (2005). We note that § 5D1.2(c) provides: "(Policy Statement) If the instant offense of conviction is a sex offense . . ., the statutory maximum term of supervised release is recommended." Accordingly, Lewis' sentence is presumptively reasonable.

Lewis failed to rebut the presumption. We note that, at sentencing, Lewis raised several arguments in favor of a release term of less than life. The district court considered and rejected Lewis' arguments. Notably, the court was not persuaded by Lewis' contentions that his previously spotless criminal record and the non-violent nature of the instant offense warranted a more lenient release term. The court's concern lay with the possibility of recidivism. In this regard, the court was aware that Lewis committed the instant offense even though, only two months earlier in a separate investigation, authorities had seized his computer on suspicion that Lewis had used it to send or receive child pornography.

We conclude that Lewis' sentence was reasonable, and we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED